*Casparus C. Hoes et al.* v. *John M. Van Hoesen.* A. L. JORDAN, for appellant; A. VANDERPOEL, for respondent. Appeal by defendant from a decree of the late vice chancellor of the third circuit. Decided that where a reversionary interest in personal property is not disposed of by the will of a testator it does not belong to those who may happen to be his next of kin at the termination of the particular estate or interest in such property which is bequeathed by him. But as an interest in property undisposed of by the will it belongs to the widow and the next of kin of the decedent who were entitled to distributive shares in such unbequeathed interest at the death of the testator. And if any of them have died without having disposed of their interests therein, it goes to their

Construction of wills.

personal representatives as a part of the personal estate of such decedents.

The personal estate of a testator is the primary fund for the payment of debts, although the will contains an express dedication of a portion of the real estate for the payment of debts or legacies, and the testator has disposed of all his personal estate specifically. It is also a general rule that the personal estate is the primary fund for the payment of legacies, although the legacies are charged on real estate; whether such real estate be devised with a direction to the devisee to pay the legacies, or charged with such legacies, or given to trustees for that purpose.

But in reference to legacies, an absolute disposition of all the personal estate of the testator, and not a mere residuary bequest, will be sufficient to manifest the intent of the testator to charge the realty in exoneration of the personalty.

Where the personal estate is not in terms exonerated from the payment of debts or legacies, or the legacies declared to be chargable upon the real estate exclusively, an interest in personal property not disposed of by the will will not be considered as exonerated. If the personal estate is in terms exonerated, for the benefit of a particular legatee, and not for the benefit of the estate generally, the failure of the particular bequest destroys the exoneration *pro tanto*.

**Rules of con-struction of a release.** That if there is a particular recital in a release, and nothing appears upon the face of the instrument to show that any thing beyond the matter of such recital was intended to be discharged, general words of release following such recital will be qualified by the recital; so as not to discharge other claims which were not in the contemplation of the parties. But the construction of the release must depend upon the language of the instrument itself; and extensive evidence cannot be resorted to for the purpose of showing the intention of the party by whom such release was executed.

Decree appealed from reversed, and bill dismissed with costs.